David R. Shoop (220576)
david.shoop@shooplaw.com
**SHOOP, A PROFESSIONAL**
  **CORPORATION**
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Telephone: 310/277-1700
Facsimile: 310/277-8500

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**THE SULTZER LAW GROUP P.C.**
JANINE L. POLLACK
pollackj@thesultzerlawgroup.com
351 W. 54th Street, Suite 1C
New York, NY 10019
Telephone: 212/969-7810
Facsimile: 888/749-7747

*Counsel for Plaintiff*

[Additional Counsel appear on signature page]rACH

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. MEJIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200, *et seq.*); and**<br><br>2. **Unjust Enrichment**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Victor M. Mejia ("Plaintiff"), individually, and on behalf of all other similarly situated borrowers (the "Class"), brings this action, based upon personal knowledge as to himself and his activities, and on information and belief as to all other matters, against Nationstar Mortgage Holdings, Inc., and DOES 1 through 10, inclusive ("Nationstar" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This class action is based on Defendant's violation of state statutory codes requiring a financial institution involved in the making of a loan secured by a residence to pay the borrower a minimum amount of interest on money paid in advance by the borrower into an escrow account for tax and insurance purposes. For example, Defendant violated California Civil Code section 2954.8(a), which requires a financial institution involved in the making of a loan secured by a one-to-four family residence located in California to pay the borrower a minimum of 2% simple interest on money paid in advance by the borrower into an escrow account for tax and insurance purposes. As alleged herein, Plaintiff has paid hundreds of dollars into an escrow account controlled by Defendant during the Class Period (defined below) but has not received interest on those payments during at least some of that time.

2. Based on Defendant's violation of California Civil Code section 2954.8(a), Plaintiff and the Class (defined below) bring this action for restitution and reimbursement, as well as injunctive and declaratory relief pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"). In addition, Plaintiff and the Multi-State Class (defined below) bring this action for unjust enrichment based on Defendant's violation of California Civil Code section 2954.8(a) and similar statutes of other states identified in paragraph 14 below.

## JURISDICTION AND VENUE

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)-(c) because the Defendant conducts business in this District and is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Defendant's contacts with this District are also sufficient to subject it to personal jurisdiction.

4. The aggregate amount in controversy exceeds $5 million (exclusive of interest and costs), and at least one Class Member (as well as the Plaintiff himself) is a citizen of a different state than that of Defendant; hence there is at least minimal diversity between the parties. In addition, there are well over 100 members of the expected Class. Therefore, jurisdiction is present under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 (CAFA).

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a resident of the City of Covina, California.

6. Defendant Nationstar Mortgage Holdings, Inc. ("Nationstar") is a Delaware corporation formed in 2011, with its principal place of business in Dallas, Texas. Its operating company is Nationstar Mortgage LLC, which in August 2017 was rebranded as "Mr. Cooper." (Nationstar, Nationstar Mortgage LLC, and Mr. Cooper are hereinafter referred to as "Defendant"). Defendant provides servicing, origination, and other financial and lending services relating primarily to single-family residences throughout the United States.

7. The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the

true names and capacities of the defendants designated herein as DOEs when such identities become known.

8. Nonparty Lenox Financial Mortgage Corp. ("Lenox") is a mortgage lender based in Santa Ana, California. On information and belief, Lenox holds the promissory note and deed of trust in connection with the loan to Plaintiff that is the subject of this complaint. On information and belief, Lenox has transferred to Defendant all responsibilities for servicing that loan, including the maintenance and control of Plaintiff's escrow account.

9. Nonparty WMIH Corp. ("WMIH"), formally known as Washington Mutual, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington. WMIH provides servicing, origination and other financial and lending services related to residential properties throughout the United States. On February 13, 2018, Nationstar announced that it had entered into a definitive merger agreement with WMIH. On or about July 31, 2018, following the approval of the boards of directors and shareholders of Nationstar and WMIH, WMIH became the parent company of Nationstar.

## SUBSTANTIVE ALLEGATIONS

10. As of December 31, 2017, Defendant serviced over three million mortgages, with an aggregate unpaid principal balance of over $500 billion ($175 billion of which was booked in 2017), making it the largest non-bank residential mortgage servicer (and third largest residential mortgage servicer in general) in the United States. Its customers include government-sponsored entities such as the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corp. ("Freddie Mac"), as well as organizations owning servicing rights, which Defendant subservices.

11. In addition, Defendant is the twentieth largest overall mortgage loan originator in the United States, funding $19 billion for the year ended December 31, 2017. It sells some of those underlying loans to the secondary market, but in

1 such cases it generally retains the servicing rights on those sold loans.

2     12. In addition to collecting principal and interest payments from borrowers, Defendant collects from borrowers the projected amount that the borrowers will owe for property taxes and insurance on the mortgaged property, as well as additional "cushion" amounts to the extent allowed under the Real Estate Settlement Procedures Act, 12 U.S.C. § 12601, *et seq.* ("RESPA"). The funds collected for this purpose are sometimes referred to as "escrow" funds. Defendant controls such escrow funds and has the full use and benefit of those funds until tax and insurance payments are made.

    13. Because all funds paid into an escrow account remain *the borrower's money*, California law requires all financial institutions to pay at least 2% interest on such funds to the borrowers, pursuant to California Civil Code section 2954.8(a), which states as follows:

> **2954.8**. (a) Every financial institution that makes loans upon the security of real property containing only a one- to four- family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.
>
> (b) No financial institution subject to the provisions of this section shall impose any fee or charge in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such

financial institution, or for the payment of insurance, or for other purposes relating to such real property, that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received.

(c) For the purposes of this section, financial institution means a bank, savings and loan association or credit union chartered under the laws of this state or the United States, or any other person or organization making loans upon the security of real property containing only a one-to four-family residence.

14. Numerous other states have similar laws requiring the payment of interest on funds held in escrow accounts, including: Connecticut, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New York, Oregon, Rhode Island, Utah, Vermont and Wisconsin. *See* Conn. Gen. Stat. § 49-2a (Connecticut); Iowa Code § 524.905(2) (Iowa); ME. Rev. Stat. Ann. Tit. 33, § 504 (Maine); MD. Comm. Law Code Ann. § 12-109 (Maryland); Mass. Gen. L. ch. 183, § 61 (Massachusetts); Minn. Stat. Ann. § 47.20, subd. 9 (Minnesota); N.H. Rev. Stat. Ann § 384:16-a *et seq.* (New Hampshire); NY Gen. Oblig. Law § 5-601 (New York); OR. Rev. Stat. §§ 86.205, 86.245 (Oregon); R.I. Gen. Laws § 19-9-2 (Rhode Island); Utah Code Ann. § 7-17-1 *et seq.* (Utah); Vt. Stat. Ann. tit. 8, § 10404 (Vermont); and Wis. Stat. § 138.052 (Wisconsin).

15. In addition, in 15 U.S.C. § 1639d(g)(3) – a provision of the federal Truth in Lending Act enacted through the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 – Congress mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal Law."

16. In or about January 1997, Plaintiff purchased a single family residence

in Covina, California. In connection with that purchase, Plaintiff entered into a loan agreement, secured by a deed of trust in the property (the "Mortgage Agreement"), which was immediately transferred in full to another entity, and eventually transferred in full in November 2005 to Lenox, a California corporation now located in Santa Ana, California.

17. Since approximately December 2008 and throughout the Class Period (defined below), Defendant has collected all mortgage loan payments from Plaintiff as well as thousands of dollars from Plaintiff directed to the funding of Plaintiff's escrow account.

18. On information and belief, the payments that were directed to Plaintiff's escrow account remained at all times in the sole possession of Defendant and were never transferred to Lenox.

19. Since sometime in 2017, and possibly at other times during the Class Period, Plaintiff has not received interest on his escrow account held by Defendant.

20. On May 8, 2018, Plaintiff's counsel sent a certified letter to Defendant's principal place of business in Coppell, Texas (with a copy by email to Defendant's legal department and a copy served on Defendant's authorized agent for service in California). Plaintiff's counsel informed Defendant that it intended to take legal action if Defendant was not acting in compliance with California law with respect to the payment of interest on escrow accounts. On May 31, 2018, Plaintiff's counsel was contacted by counsel retained by Defendant to represent it in this matter and told that the matter was being investigated. Despite numerous attempted telephonic inquiries by Plaintiff's counsel, Defendant's counsel has not responded to Plaintiff's counsel's May 8 letter and upon information and belief Defendant has not corrected the violations of law alleged in Plaintiff's counsel's letter.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class (hereinafter, the "California Class"):

> All persons who, during the four (4) years prior to the filing of this action (the "Class Period"): (i) entered into a mortgage loan that was secured by a one-to-four family residence located in California; (ii) in connection with that mortgage loan paid monies into an escrow account held by Defendant to cover the projected amount owed in property taxes, homeowner's insurance and other matters relating to the property securing the mortgage loan; and (iii) received less than 2% annual interest from Defendant on the monies held in such escrow account.

22. With respect to certain of the claims, as indicated below, Plaintiff brings this action on behalf of himself and the following class (hereinafter, the "Multi-State Class"):

> All persons who, during the time prior to the filing of this action under the relevant statute of limitations period (the "Multi-State Class Period"): (i) entered into a mortgage loan that was secured by a residence located in the states identified in paragraph 14 above; (ii) in connection with that mortgage loan paid monies into an escrow account held by Defendant to cover the projected amount owed in property taxes, homeowner's insurance and other matters relating to the property securing the mortgage loan; and (iii) received from Defendant less than the amount of interest owed on monies held in such escrow account under the law of the state in which the property was located.

Excluded from the Class are Defendant's officers and directors and the immediate

1  families of Defendant's officers and directors. Also excluded are the Defendant
2  and its subsidiaries, parents, affiliates, joint venturers, and any entity in which
3  Defendant has or had a controlling interest.

4      23. For purpose of the complaint, the term "Class" refers collectively to
5  the California Class and the Multi-State Class, and the phrase "Class Members"
6  refers to all members of the California Class and the Multi-State Class, and the
7  term "Class Period" refers to the California Class Period and Multi-State Class
8  Period.

9      24. Plaintiff reserves the right under Rule 23 of the Federal Rules of Civil
10 Procedure to amend or modify the Class descriptions with greater specificity or
11 further division into subclasses or limitation to particular issues based on the
12 results of discovery.

13      25. This action has been brought and may properly be maintained as a
14 class action against Defendant pursuant to the provisions of Rule 23 of the Federal
15 Rules of Civil Procedure because there is a well-defined community of interest in
16 the litigation and there is an administratively feasible way to identify Class
17 Members.

18      26. **Numerosity of the Class. Rule 23(a)(1).** The members of the Class
19 are so numerous that their individual joinder is impracticable. The number of
20 mortgages held or serviced by Defendant is in the tens of thousands or more in
21 California, and the states identified in paragraph 14 above, which is a reflection of
22 the number of putative Class Members in this action. Inasmuch as the Class
23 Members may be identified through business records regularly maintained by
24 Defendant and its employees and agents, the number and identities of Class
25 Members can be ascertained. Members of the Class can be notified of the pending
26 action by e-mail and mail, and notice can be supplemented by publication, if
27 necessary.
28

27. **Existence and Predominance of Common Question of Law and Fact. Rule 23(a)(2).** There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class Members. These common legal and factual issues include, but are not limited to:

    a. Whether Defendant has systematically engaged in conduct that is a violation of state law with respect to the payment to its customers of the interest accrued on escrow accounts;

    b. Whether Defendant has been unjustly enriched by its illegal conduct;

    c. Whether Defendant must provide damages, restitution and/or reimbursement to borrowers in the amount of unpaid interest on funds held in escrow accounts based on the causes of action asserted herein; and

    c. Whether declaratory and/or injunctive relief is appropriate to prohibit Defendant from engaging in this conduct in the future.

28. **Typicality. Rule 23(a)(3).** The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has been damaged by Defendant's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

29. **Adequacy. Rule 23(a)(4).** The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class Members.

30. **Injunctive and Declaratory Relief. Rule 23(b)(2).** Defendant's actions regarding its customers' escrow accounts are uniform as to members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive and declaratory relief as requested herein is appropriate with respect to the Class as a whole.

31. **Predominance and Superiority of Class Action. Rule 23(b)(3).** This suit may be maintained as a class action because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual Class Members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32. The representative Plaintiff contemplates the eventual issuance of notice to the proposed Class Members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, the representative Plaintiff would contemplate the use of additional media and/or mailings.

33. In addition to meeting the prerequisites of a class action, this action is properly maintained as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

    a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

        i. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

        ii. Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    b. The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

    c. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

        i. The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

        ii. The extent and nature of any litigation concerning

        controversy already commenced by or against members of the Class;

   iii.   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

   iv.   The difficulties likely to be encountered in the management of a class action.

## FIRST CAUSE OF ACTION
**Violation of California Business & Professions Code  
§§ 17200, *et seq.* – Unfair Competition Law – Unlawful Prong  
(On behalf of Plaintiff and the California Class)**

34. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

35. California Business and Professions Code sections 17200, *et seq.* ("UCL"), prohibits any unlawful, unfair, or deceptive business act or practice. The UCL provides for injunctive relief, restitution, and disgorgement of profits for violations.

36. Defendant has directly committed and continues to commit unlawful business acts and practices, within the meaning of UCL §§ 17200, *et seq.*, by failing to pay interest to Plaintiff and other California Class Members in violation of California Civil Code section 2954.8(a) and 15 U.S.C. §§ 1639d(g)(3).

37. Plaintiff and the California Class Members, and each of them, have been damaged by these unlawful practices. Pursuant to California Business and Professions Code section 17200, *et seq.*, Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks relief as prayed for below.

38. Defendant's conduct resulted in profits and pecuniary gain received from Plaintiff and the other members of the California Class for whom Defendant controlled escrow accounts and has failed to pay interest owed on such escrow accounts.

39. Defendant is a "financial institution" within the meaning of California

1 Civil Code section 2954.8(c) in that it is an "organization making loans upon the security of real property containing only a one-to-four family residence," or has acted and is acting for all intents and purposes as the "financial institution" within the meaning of California Civil Code section 2954.8(c) in that it is the sole entity that "receives money in advance for payment of taxes and assessments on the property, for insurance or for other purposes relating to the property" (Cal. Civ. Code § 2954.8(a)) and the sole entity to benefit from the use of those advance payments. In addition, Defendant is a "financial institution" within the meaning of California Civil Code section 2954.8(c) in that it has been delegated the legal duties of Lenox and other financial institutions with respect to Plaintiff's escrow account and the escrow accounts of other California Class Members.

40. In the alternative, as described in paragraph 12 above, during all relevant times Defendant acted and continues to act as the agent of Lenox, a "financial institution" within the meaning of California Civil Code section 2954.8(c), as well as the agent of all other financial institutions whose loans Defendant services with respect to the California Class. Accordingly, Defendant is personally liable to Plaintiff and all members of the California Class for violation of California Civil Code section 2954.8(a). *See* Restatement 3d of Agency, § 7.01(c) ("When an agent's conduct violates a constitution, statute, regulation, or ordinance, the agent is subject to liability although the agent acted at the principal's direction or to further the principal's interests, unless the imposition of liability is inconsistent with the constitution, statute, regulation, or ordinance."); Cal. Civ. Code § 2343(3) ("an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature.").

## SECOND CAUSE OF ACTION
**Unjust Enrichment**
**(On behalf of Plaintiff, the California Class and the Multi-State Class)**

41. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

42. Plaintiff and the other members of the California Class and Multi-State Class conferred a benefit on Defendant by paying money into escrow accounts and making that money fully useable by Defendant until tax and insurance payments on the mortgaged property were paid by Defendant.

43. Defendant was enriched, at the expense of Plaintiff and other members of the California Class and Multi-State Class as a result of Defendant's failure to comply with the laws of California and the other states identified in paragraphs 13-14 above or, alternatively, as the agent for the primary violators of the laws of California and the other states identified in paragraphs 13-14 above relating to the payment of interest on escrow accounts.

44. Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and other members of the California Class and Multi-State Class.

45. Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and other members of the California Class and Multi-State Class is unjust and inequitable, Plaintiff seeks an order from the Court requiring Defendant to disgorge all profits, benefits, and other compensation obtained due to its wrongful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

1. An order certifying that the action may be maintained as a class action as defined herein, and appointing Plaintiff and his counsel of record to represent the California Class and Multi-State Class defined herein;

2. An order declaring that Defendant has acted and continues to act in violation of California Civil Code section 2954.8 and the other state statutes in the Multi-State Class;

3. An order, under the California Business and Professions Code section 17203, requiring that Defendant:

    a. Cease such acts and practices declared by this Court to be unlawful business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition; and

    b. Disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be unlawful business acts or practices, violations of laws, statutes, or regulations, or constituting unfair competition;

4. An order awarding damages pursuant to the causes of action alleged herein, as may be applicable;

5. An order awarding reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and other statutes or contracts as may be applicable;

6. An order awarding prejudgment interest to the extent allowed by law; and

7. An order providing such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of all others similarly situated, hereby demands a trial by jury herein.

DATED: October 25, 2018     **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Rachele R. Byrd*

RACHELE R. BYRD (190634)

- 15 -

| | |
|---|---|
| 1 | byrd@whafh.com |
| | BRITTANY N. DEJONG (258766) |
| 2 | dejong@whafh.com |
| | 750 B Street, Suite 2770 |
| 3 | San Diego, CA 92101 |
| | Telephone: 619/239-4599 |
| 4 | Facsimile: 619/234-4599 |
| 5 | **WOLF HALDENSTEIN ADLER** |
| | **FREEMAN & HERZ LLP** |
| 6 | JEFFREY S. SMITH |
| | smith@whafh.com |
| 7 | 270 Madison Avenue |
| | New York, New York 10016 |
| 8 | Telephone: 212/545-4600 |
| | Facsimile: 212/545-4653 |
| 9 | |
| 10 | **SHOOP, A PROFESSIONAL** |
| | **CORPORATION** |
| 11 | David R. Shoop (220576) |
| | david.shoop@shooplaw.com |
| 12 | 350 S. Beverly Drive, Suite 330 |
| | Beverly Hills, CA 90212 |
| 13 | Telephone: 310/277-1700 |
| | Facsimile: 310/277-8500 |
| 14 | |
| 15 | **THE SULTZER LAW GROUP P.C.** |
| | JANINE L. POLLACK |
| 16 | pollackj@thesultzerlawgroup.com |
| | 351 W. 54th Street, Suite 1C |
| 17 | New York, NY 10019 |
| | Telephone: 212/969-7810 |
| 18 | Facsimile: 888/749-7747 |
| 19 | **ACCESS LAWYERS GROUP** |
| | C. MARIO JARAMILLO (195343) |
| 20 | cmj@access.law |
| | 527 South Lake Avenue, Suite 200 |
| 21 | Pasadena, CA 91101 |
| | Telephone: 877/360-3383 |
| 22 | Facsimile: 866/686-5590 |
| 23 | *Attorneys for Plaintiff* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | NATIONSTAR: 24606v6 |

- 16 -