UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-9175 PA (SSx) | Date | November 6, 2018 |
| Title | Victor M. Mejia v. Nationstar Mortgage Holdings, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Class Action Complaint filed by plaintiff Victor Mejia ("Plaintiff") against defendant Nationstar Mortgage Holdings, Inc. ("Defendant"). (Docket No. 1.) Plaintiff seeks to represent a California Class and Multi-State Class and brings claims against Defendant for its alleged failure to pay borrowers the interest earned on borrowers' escrow accounts. The Complaint alleges jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Compl. ¶ 4.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). The party asserting jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857–58 (9th Cir. 2001); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "[A] plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case . . . ." Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 70 L. Ed. 682 (1926).

To establish diversity jurisdiction under CAFA, a plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states, that the class contains no less than 100 members, and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2), (d)(5).

A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter, 265 F.3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of every state in which it was incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Complaint alleges that Plaintiff is "a resident of the City of Covina, California" and Defendant "is a Delaware corporation formed in 2011, with its principal place of business in Dallas, Texas." (Compl. ¶¶ 5–6.) The Complaint does not identify Plaintiff's state of domicile or citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9175 PA (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Victor M. Mejia v. Nationstar Mortgage Holdings, Inc., et al. | | |

Because an individual is not necessarily a citizen of his state of residence, the Complaint fails to adequately allege Plaintiff's citizenship. In addition, in an effort to establish minimal diversity, Plaintiff asserts that "at least one Class Member (as well as the Plaintiff himself) is a citizen of a different state than that of Defendant." (Id. ¶ 4.) These allegations fail to establish Plaintiff's or any other class members' citizenship, much less to establish that "any member of [the] class . . . is a citizen of a State different from any defendant" as required to establish CAFA jurisdiction. 28 U.S.C. § 1332(d)(2).

In addition, the Complaint makes the conclusory allegation that "there are well over 100 members of the expected Class." (See id. ¶ 4.) No facts are alleged elsewhere in the Complaint to support this jurisdictional requirement, and accordingly, Plaintiff has failed to adequately allege that the proposed class contains more than 100 members.

Nor does Plaintiff's allegation that "[t]he aggregate amount in controversy exceeds $5 million (exclusive of interest and costs)" satisfy the amount in controversy requirement for diversity jurisdiction. While a plaintiff's uncontested "amount-in-controversy allegation is accepted if made in good faith," Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. at 553, 190 L. Ed. 2d 495 (2014), "[i]t is plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 n.10, 58 S. Ct. 586, 82 L. Ed. 845 (1938). See also Petkevicius v. NBTY, Inc., Case No.: 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating that the amount in controversy exceeds $5,000,000, without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation of the amount in controversy . . . ."). Here, Plaintiff alleges that since approximately December 2008, "Defendant has collected all mortgage loan payments from Plaintiff as well as thousands of dollars from Plaintiff directed to the funding of Plaintiff's escrow account." (Compl. ¶ 17.) Additionally, Plaintiff alleges that since sometime in 2017, Plaintiff has not received interest on his escrow account. (Id. ¶ 19.) Such allegations, without more, are insufficient to serve as a factual basis to support that over $5 million is in controversy in this action. Therefore, the Complaint does not allege sufficient facts to establish that the amount in controversy, in the aggregate, exceeds the jurisdictional minimum.

For the foregoing reasons, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Despite these deficiencies, a district court may, and should, grant leave to amend, when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by November 21, 2018. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.